\*\*E-filed 2/27/07\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY MASON, | ) | No. C 06-3857 JF (PR) |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| ANTHONY P. KANE, Warden, et al., | ) | |
| Respondents. | ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the Board of Prison Terms' ("Board's") failure to grant him parole. Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

In 1982, an Alameda Superior Court jury convicted Petitioner of second degree murder with the use of a firearm (Cal. Penal Code §§ 187, 12022). Petitioner challenges the Board of Prison Terms' failure to grant him parole at his July 2004 parole suitability hearing. Petitioner filed three state habeas petitions in the state superior court, state appellate court and state supreme court, all of which were denied as of July 20, 2005.

1  Petitioner filed the instant federal habeas petition on June 20, 2006.

## DISCUSSION

A.  Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.  Petitioner's Claim

As grounds for federal habeas relief, Petitioner alleges that the Board's ninth denial of parole was not supported by sufficient evidence having an indicia of reliability. Therefore, the Board's decision was arbitrary and capricious in violation of his right to due process of the Fifth and Fourteenth Amendments, depriving him of his federally protected liberty interest. See Petition at 6. Liberally construed, Petitioner's allegation is sufficient to require a response. The Court orders Respondent to show cause why the instant petition should not be granted.

## CONCLUSION

1.  The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

2.  Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state parole record that have been transcribed previously and that are

1  relevant to a determination of the issues presented by the petition.

2       If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
3  with the Court and serving it on Respondent within **thirty days** of his receipt of the
4  answer.

5       3.    Respondent may file a motion to dismiss on procedural grounds in lieu of
6  an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
7  Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file
8  with the Court and serve on Respondent an opposition or statement of non-opposition
9  within **thirty days** of receipt of the motion, and Respondent shall file with the Court and
10 serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

11      4.    It is Petitioner's responsibility to prosecute this case. Petitioner is reminded
12 that all communications with the Court must be served on respondent by mailing a true
13 copy of the document to Respondent's counsel. Petitioner must keep the Court and all
14 parties informed of any change of address by filing a separate paper captioned "Notice of
15 Change of Address." He must comply with the Court's orders in a timely fashion.
16 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
17 to Federal Rule of Civil Procedure 41(b).

18      IT IS SO ORDERED.
19 DATED: 2/26/07

                     JEREMY FOGEL
20                      United States District Judge

1 | A copy of this ruling was mailed to the following:

Anthony Mason
C-53350/ ED-168L
CTF -Soledad
P.O. Box 689
Soledad, CA 93960-0689

Order to Show Cause
P:\pro-se\sj.jf\hc.06\Mason857osc      4