NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY MASON, | ) | No. C 06-03857 JF (PR) |
| Petitioner, | ) ) | ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY; DENYING MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS* |
| vs. | ) ) | |
| ANTHONY P. KANE, Warden, | ) ) | |
| Respondent. | ) ) | (Docket No. 14) |

On May 20, 2008, the Court denied this pro se petition for writ of habeas corpus on the merits and entered judgment in favor of Respondent. On June 6, 2008, Petitioner signed his notice of appeal, which was filed with the Court on June 10, 2008. The Court construes Petitioner's notice of appeal as a request for a certificate of appealability. Petitioner is not required to make a formal request for a certificate of appealability; the timely notice of an appeal or other similar filing can be construed as a request for a certificate of appealability. See Fed. R. App. P. 22(b).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. See id. § 2253(c)(3).

"Where a district court has rejected the constitutional claims on the merits, the

1  showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate
2  that reasonable jurists would find the district court's assessment of the constitutional
3  claims debatable or wrong." <u>Slack v. McDaniel</u>, 120 S.Ct. 1595, 1604 (2000).

4  Except for substituting the word "constitutional" for the word "federal," section
5  2253(c)(2) codified the standard announced by the United States Supreme Court in
6  <u>Barefoot v. Estelle</u>, 463 U.S. 880, 892-93 (1983).  <u>See</u> <u>Slack</u>, 120 S. Ct. at 1603.  In
7  <u>Barefoot</u>, the Court explained that "a substantial showing of the denial of [a] federal
8  right" means that a petitioner "must demonstrate that the issues are debatable among
9  jurists of reason; that a court <u>could</u> resolve the issues [in a different manner], or that the
10  questions are adequate to deserve encouragement to proceed further."  463 U.S. at 893 n.4
11  (citations and internal quotations omitted; emphasis in original).  Any doubts about
12  whether the <u>Barefoot</u> standard has been met must be resolved in petitioner's favor.
13  <u>Lambright v. Stewart</u>, 220 F.3d 1022, 1024-25 (9th Cir. 2000).

14  The petition was denied because there were other factors in addition to the nature
15  of the offense to support the denied of parole - for instance, Petitioner had an unstable
16  social history, including drug and alcohol abuse, making him unpredictable and a threat to
17  others.  Petitioner has failed to demonstrate that jurists of reason would find it debatable
18  whether this Court was correct in its ruling.  Petitioner's request for a certificate of
19  appealability is therefore DENIED.

20  Petitioner's motion for leave to appeal <u>in forma pauperis</u> (Docket No. 14) is
21  DENIED.  However, the Court will refer the assessment of an initial filing fee to the
22  Ninth Circuit pursuant to 28 U.S.C. § 1915(b)(1).

23  The Clerk shall transmit the file, including a copy of this order, to the Court of
24  Appeals.  Petitioner may then ask the Court of Appeals to issue the certificate.  <u>See</u> Fed.
25  R. App. P. 22(b).

26  IT IS SO ORDERED.
27  DATED: 8/8/08

JEREMY FOGEL
United States District Judge